Filing # 179829024 E-Filed 08/16/2023 04:49:54 PM

|  |  |
|---|---|
| KARL MINDEL AND ROBIN MINDEL,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA<br><br>Case No.: |

# COMPLAINT

Plaintiffs, KARL MINDEL AND ROBIN MINDEL (the "Plaintiffs"), hereby sue Defendant, NATIONAL SPECIALTY INSURANCE COMPANY (the "Defendant"), and alleges as follows:

## JURISDICTION & VENUE

1. This is an action for damages in excess of $50,000.00, exclusive of attorneys' fees, costs, and prejudgment interest.

2. At all times material, Plaintiffs, KARL MINDEL AND ROBIN MINDEL resided and continue to reside in Collier County, Florida.

3. Defendant, NATIONAL SPECIALTY INSURANCE COMPANY, is a corporation licensed to do business in Florida, and at all material times hereto, has been conducting business in Collier County, Florida.

4. Venue is proper in Collier County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Collier County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiffs entered into an insurance contract with Defendant bearing policy number

FILED: COLLIER COUNTY, CRYSTAL K. KINZEL, CLERK, 08/16/2023 04:49:54 PM

VUW-HO-551691 (the "Policy"), provided coverage for Plaintiffs' property located at 1158 Augusta Falls Way, Naples, Florida 34119 (the "Property"). A formal copy of the Plaintiffs' Policy is not currently in the possession of Plaintiffs, but is well known to Defendant, and has been requested by Plaintiffs through a Request to Produce, which has been served upon Defendant contemporaneously with this Complaint. *See, Equity Premium, Inc. v. Twin City Fire Ins. Co.*, 956 So. 2d 1257 (Fla 4th DCA 2007); *Amiker v. Mid-Century Ins. Co.*, 398 So. 2d 974 (Fla 1st DCA 1981); *Parkway General Hospital, Inc. v. Allstate Ins. Co.*, 393 So. 2d 1171 (Fla. 3rd DCA 1981); and *Sasche v. Tampa Music Co.*, 262 So. 2d 17 (Fla. 2nd DCA 1972).

6. At all times material hereto, the Policy was in full force and effect.

7. The Policy stipulates, in pertinent part, that Defendant provides coverage for damage to covered property, including contents, that is caused by or results from all risks unless otherwise expressly excluded or limited by the Policy.

8. The Policy provides coverage for loss or damage caused by or resulting from a Named Storm and/or Hurricane.

9. On or about September 28, 2022, Plaintiffs sustained widespread losses and/or damage to the Property as a result of Hurricane Ian (the "Loss").

10. In accordance with the Policy, Plaintiffs properly and timely notified Defendant of the Loss.

11. Defendant acknowledged Plaintiffs' claim and assigned a claim number to the Loss (hereinafter, the "Claim").

12. Thereafter, despite acknowledging coverage for the Claim, Defendant wrongfully and improperly limited coverage, withheld payment and underpaid the Claim.

13. Plaintiffs have provided Defendant with a full and particular account of Plaintiffs'

damages in connection with the Claim.

14. Despite Plaintiffs' requests for reconsideration, to date, Defendant has failed and continues to refuse to adequately compensate Plaintiffs for the covered damage.

15. Defendant has failed to establish reasonable proof that it was not responsible for payment of Plaintiffs' damages and/or losses, and has failed to pay the requested amounts for remediation, repair and/or replacement of Plaintiffs' property, plus applicable interests, pursuant to the terms of the Policy.

16. As a result of the foregoing, Defendant is in breach of the Policy.

17. Plaintiffs have complied with all terms and conditions of the Policy, and all conditions precedent to the bringing of this action have been performed, waived, or excused.

## COUNT I – BREACH OF CONTRACT

18. Plaintiffs reincorporate paragraph 1 through 17, as if fully set forth herein.

19. Plaintiffs and Defendant entered into a written contract – the Policy – wherein Plaintiffs agreed to pay a premium and Defendant, in exchange, agreed to insure the Property, amongst other things.

20. Plaintiffs suffered a loss covered under the Policy as a result of Hurricane Ian.

21. Plaintiffs properly and timely notified Defendant of the Claim.

22. Defendant wrongfully denied payment to Plaintiffs for a covered loss by willfully refusing to indemnify Plaintiffs for the full extent of loss and/or damage sustained in connection with the Claim.

23. As of the date of the filing of this lawsuit, Defendant has failed to: (a) establish reasonable proof that it was not responsible for payment of Plaintiffs' damages and/or losses; and (b) pay the requested amounts for remediation, repairs and/or replacements of Plaintiffs' property,

plus applicable interests, pursuant to the terms of the Policy.

24. Defendant has materially breached the Policy.

25. As a direct and proximate result of Defendant's breach of the Policy, Plaintiffs have and continue to suffer damages, exclusive of costs and attorneys' fees, within the jurisdictional limits of this Court.

26. Defendant's acts and/or omissions have caused the Plaintiffs to retain the services of the undersigned counsel to represent them in the bringing of this action pursuant to Sections 627.70152, 627.428, 626.9373, 57.041. 57.104, Florida Statutes.

27. Plaintiffs are entitled to recover attorney's fees and costs under Sections 627.70152, 627.428, 626.9373, 57.041. 57.104, Florida Statutes.

WHEREFORE, the Plaintiffs, KARL MINDEL AND ROBIN MINDEL, demand entry of judgment in her favor and against the Defendant, NATIONAL SPECIALTY INSURANCE COMPANY, for damages, interest, attorneys' fees, costs, and such other relief as this Honorable Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiffs respectfully demand a trial by jury of all issues so triable, as a matter of right.

DATED: August 16, 2023.

Respectfully submitted,

*/s/ J.C. Quintana*
J.C. Quintana, Esq.
Fla. Bar No.: 115572
E-mail: jcq@qlawgroup.law
**Q LAW GROUP, P.A.**
2330 S. BAYSHORE DRIVE, SUITE 220
COCONUT GROVE, FLORIDA 33133

Tel.: (305) 419-4090  
Fax: (305) 419-4091  
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2023, a true and correct copy of the foregoing document was electronically filed with the Florida Courts E-Filing Portal via transmission of Notices of Electronic Filing generated by Florida Courts E-Filing Portal (eservice@myflcourtaccess.com).

/s/ J.C. Quintana  
J.C. Quintana, Esq.  
Fla. Bar No.: 115572  
*Counsel for Plaintiffs*